BUSINESS MEN'S ACCIDENT ASS'N OF TEXAS v. WEBB.

(Court of Civil Appeals of Texas. Dallas. Jan. 17, 1914. Rehearing Denied Feb. 14, 1914.)

1. INSURANCE (§ 130*)—EXECUTION OF CONTRACT.

Where the application under which an accident assessment policy was issued permitted applicant to reject and return the policy, if not satisfactory, and receive back his membership fee, there was no binding contract of insurance, where applicant examined and rejected the policy within the time provided, so that the association was not liable thereon.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 195–202; Dec. Dig. § 130.*]

2. INSURANCE (§ 141*)— EXECUTION OF CONTRACT—ESTOPPEL TO DENY.

Where, under a provision of the application that if the certificate of membership issued was not satisfactory, applicant might return it to the association within three days and receive back his membership fee, the applicant refused to accept the certificate after examining it, so that the contract never took effect, the association was not estopped from denying liability thereon because it insisted on proof of loss and did not return the membership fee.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 75, 253–262; Dec. Dig. § 141.*]

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by Sallie D. Webb against the Business Men's Accident Association of Texas. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

Morrow & Morrow, of Hillsboro, and White, Cartledge & Graves, of Austin, for appellant. Wear & Frazier, of Hillsboro, for appellee.

RAINEY, C. J. The appellee sued the appellant to recover the sum of $5,000, alleging that appellant had issued an accident policy for that amount insuring her husband's, J. C. Webb's, life, in which she was named the beneficiary; that while in good standing said J. C. Webb was accidentally killed, etc. Appellant answer generally and specially: That J. C. Webb made application in writing for membership, which contained the following provision: "I hereby agree that immediately upon receipt of the certificate of membership issued to me, and a copy of the by-laws of the association, I will examine them, and if satisfactory, retain them; if not satisfactory, I will return them to the association within three days and my membership fee will be returned to me." Said application was accompanied by $3 as a membership fee. That policy was duly issued with the application attached and forwarded to said Webb, who, within three days, rejected and returned said policy or certificate to appellant, etc. Appellee replied to appellant's answer: "(1) That defendant was estopped from denying said J. C. Webb's membership because it was then for the first time asserting such contention, and because it had requested plaintiff to furnish proofs of said Webb's death. (2) That application not being attached to or contained in the policy, the latter, alone, prescribed the conditions fixing the rights of the parties. (3) The appellant alone, by the terms of its by-laws, had the right to cancel the membership, and hence said Webb was powerless to do so. (4) Said Webb had not relieved himself of obligations to appellant for the reason that the $3 constituted the entire amount that could have been assessed against him within 60 days after the date of his policy, before the expiration of which period he had been killed." A trial resulted in a judgment for $5,000 for appellee, from which this appeal is prosecuted.

Appellant complains, in effect, that the judgment is not supported by the evidence. From the evidence we conclude appellant is an accident insurance company conducted on the mutual or assessment plan. Its membership fee is $3, which amount pays all assessments that may be levied for 60 days from time of becoming a member. J. C. Webb made application in writing for membership in the associaton, and accompanied it with the membership fee of $3. Said application contained the stipulation, set out above, to the effect that immediately upon the receipt by him of the certificate of membership and a copy of the by-laws of the association he would examine them; if not satisfactory, he would return them to the association within three days, and the membership fee was to be returned to him. The certificate of membership was issued, with his wife, Sallie D. Webb, as beneficiary, and sent to J. C. Webb, who, within three days, returned the same to the association, stating said certificate was not satisfactory. The association then wrote, explaining the terms of the certificate with

a view of inducing Webb to accept the certificate. Webb declined these overtures, which was communicated to the association on the 10th day of June, 1912. The association had not, up to this time, returned the membership fee, but proposed to do so, in its letter explaining the policy in the event Webb refused to accept the policy. On June 21, 1912, Webb was accidentally shot and died June 30, 1912.

[1] Webb, during his lifetime, never accepted the policy issued by the association, and no contract of insurance between Webb and the appellant was ever consummated. By the terms of the application under which the policy was issued, Webb had the right to reject it, which right was recognized by the association, and, Webb having declined to accept the policy as issued by the association, there was no binding contract; hence the association is not bound thereby.

[2] The appellee insists that the application providing for the return of the membership fee of $3 advanced by Webb not having been returned to Webb by the association, and it insisting on the further perfecting the proofs of loss, the association is estopped from claiming that the policy is not binding. This contention is based on the proposition that, "the evidence does not show that the application made by Webb was a conditional one dependent upon his acceptance of the policy to be tendered, but the positive terms of the policy, by-laws, and the writings entering into the contract show that it was fully completed; that the assured was a member entitled to all the benefits on May 28, 1912." We do not agree to this contention. The evidence shows that the policy was issued on the application of J. C. Webb, and that it contained a clause providing for Webb to examine the policy when received, and, if not satisfactory, to return it. By the terms of the application it became a part of the policy, being so made by the policy, which states it was to be a part thereof. See article 1, § 5, of appellant's by-laws, a copy of which was sent to Webb with the policy. Said provision being a part of the policy, or even if it was not a part of said policy, it was a stipulation inserted by Webb in the application, and the policy being issued in pursuance of said application, it became subject to said stipulation, and Webb had the right to avail himself of it. The association never controverted the right of Webb to claim said right. Webb did assert said right, and acted thereon by declining to accept said policy.

In support of the contention that the contract was completed, appellee, among others, cites a decision of this court, Ins. Co. v. Jones, 32 Tev. Civ. App. 146, 73 S. W. 978. That case shows entirely dissimilar facts from this case. There the policy was issued in accord with the application made by Jones, and delivered to him. There was no option

retained in the application, and Jones objected, not because the policy was not in compliance with the application, but about the manner of paying premiums, about which he was mistaken. The court held the contract was completed, and could not be canceled without the consent of both parties. In this case the contract was not completed; Webb declining to accept the policy, as he had the right to do.

There being no valid and existing policy in favor of appellee, it is immaterial what the action of the association was in reference to the proof of loss, she is not entitled to recover.

The judgment is reversed, and here rendered for appellant.